UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CANDICE T., | ) |
|     Plaintiff | )<br>)<br>) |
| v. | )    1:20-cv-00437-LEW<br>) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | )<br>)<br>) |
|     Defendant | )<br>) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 16, 2020 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 15-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of depressive disorder, anxiety disorder, attention deficit hyperactivity disorder (ADHD), obstructive sleep apnea, and obesity. (R. 17.) The ALJ further found that despite her impairments, Plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels except Plaintiff must avoid concentrated exposure to respiratory irritants and dangerous machinery; she can sustain attention and focus well enough to complete simple tasks with infrequent and minor changes to tasks; she should not work with the general public but can work occasionally with supervisors and coworkers. (R.21.)

Based on the RFC finding, Plaintiff's work experience, and the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including representative occupations of hand packager, order filler, photocopy machine operator, and industrial cleaner. (R. 25.) The ALJ determined, therefore, that Plaintiff was not disabled. (*Id*.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings

of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred in the assessment of Plaintiff's RFC and, therefore, the vocational expert's testimony regarding jobs the Plaintiff can perform is unsupported by substantial evidence.

### A. Plaintiff's RFC

Plaintiff first contends that the ALJ did not properly evaluate the opinions of two consultative psychological examiners, and that the findings of the state agency psychological consultants upon whom the ALJ relied are unsupported by the evidence.

James R. Werrbach, Ph.D, examined Plaintiff in July 2016 and diagnosed Plaintiff with depressive disorder not otherwise specified, panic disorder with agoraphobia, and ADHD. (R. 799-803.) He found Plaintiff to be cooperative, clean, and neat, with intelligence in the average range. (R. 802.) He also found that she was able to concentrate, her memory appeared intact, and her thought processes were sequential, clear, and coherent. (*Id.*) He noted, however, that Plaintiff's social judgment appeared to be compromised, and she looked rather anxious and frightened during the interview. (R. 802-03.) Dr. Werrbach wrote:

> It would appear that [Plaintiff] would not have difficulty doing a work-related activity such as understanding. It would appear that [Plaintiff] would have difficulty doing work-related activities such as memory, sustained concentration, and persistence because of her depressive symptoms and [ADHD] symptoms. It would appear that these symptoms would seriously

3

> affect her ability to do these activities. Her ability to socially interact with others and adapt to new social situations also appears to be significantly impaired given her panic disorder with resulting agoraphobia.

(R. 803.) The ALJ found Dr. Werrbach's opinion partially persuasive.

Peter J. Ippoliti, Ph.D, examined Plaintiff in February 2018 and diagnosed her with depressive disorder, PTSD, a learning disability, and ADHD "by history." (R. 1788.) He found that while her cognitive functioning appeared to be generally good as to attention, concentration and problem-solving, she evidenced some difficulty in abstract reasoning, fund of information, and short-term memory. (*Id.*) He concluded that she could "likely follow basic instructions, and she might be able to engage in some limited and clearly-defined work activity [in] a highly supportive environment. She would likely be overwhelmed and reactive to stress and criticism." (*Id.*) The ALJ found Dr. Ippoliti's opinion partially persuasive, agreeing that Plaintiff is limited to simple unskilled work not involving the public, but noting that other evidence of record does not support his conclusion that Plaintiff is easily overwhelmed. (R. 23.)

State agency psychological consultants Brian Stahl, Ph.D., and David R. Houston, Ph.D., found Plaintiff to have moderate limitations in each of the four paragraph B criteria of Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety related disorders), found at 20 C.F.R. Pt. 404, Supt. P, App.1, ¶ A.: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (R. 128, 146.) Drs. Stahl and Houston determined that Plaintiff was markedly limited in her ability to interact appropriately with the public and moderately limited in her ability to accept instructions

and respond appropriately to criticism from supervisors. (R. 132, 149.) Dr. Houston found that Plaintiff was also moderately limited in her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (R. 150.) Dr. Stahl and Dr. Houston concluded that Plaintiff "is not able to work with the public but can work with coworkers and supervisors," explaining that she plays board games and goes out to dinner with others, gets along with healthcare providers, and shops. (R. 132, 150.) Dr. Stahl and Dr. Houston both reviewed the evaluations of Dr. Ippoliti and Dr. Werrbach and observed them to be consistent with their own findings. (R. 130, 148.)

The ALJ found the opinions of Drs. Stahl and Houston to be persuasive, noting that they found that claimant could perform at least simple routine tasks not involving work with the public. (R. 24.) The ALJ explained that their findings were generally consistent with the evidence of record, and their reliability was enhanced by their specific references to evidence supporting their findings. (*Id.*) The ALJ adopted the limitations assessed by Drs. Stahl and Houston by limiting Plaintiff to no work with the public; the ALJ also limited Plaintiff to only occasional work with coworkers and supervisors. (R. 21.)

Plaintiff argues that the ALJ's RFC assessment is not supported by the record because although Drs. Stahl and Houston found the assessments of Drs. Werrbach and Ippoliti consistent with their own findings, Drs. Stahl and Houston failed to incorporate the social interaction limitations identified by the examining consultants—by finding that Plaintiff could work without limitation with coworkers—and failed to explain the basis for the lack of social interaction limitations. In support of her argument, Plaintiff cites this Court's decision in *Parker v. Colvin*, No. 1:15-cv-00446-JHR, 2016 WL 4994997 (D. Me.

5

Sept. 19, 2016), in which the Court pointed to the failure of the state agency consultant, upon whom the ALJ relied to conclude the plaintiff was not disabled, to explain the basis of a finding that the plaintiff could interact with coworkers and supervisors.

Contrary to Plaintiff's argument, neither *Parker* nor any other authority supports the finding of error in this case. The findings of Dr. Stahl and Dr. Houston include an explanation for the lack of social interaction limitations. For instance, both consultants noted that Plaintiff "plays board games and goes out to dinner with others. She gets along with healthcare providers and shops." (R. 132, 150.)[2] Furthermore, the fact that Drs. Stahl and Houston did not find that Plaintiff was limited in her ability to work with coworkers and supervisors does not mean the ALJ erred when she found their findings persuasive and relied upon them. An ALJ can permissibly rely on an expert's RFC finding yet issue a more restrictive RFC. *Lee v. Berryhill*, No 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018).[3]

Plaintiff also contends the ALJ's assessment of the opinions of Drs. Werrbach and Ippoliti is not supported by substantial evidence because the ALJ found that Plaintiff has

---

[2] As also noted by the ALJ, Plaintiff, in one of her adult function reports, denied any difficulty in getting along with others, and wrote that she "mostly gets along "with authority figures," but has "issues with teachers." (R. 19, 327-30.)

[3] Plaintiff also contends that while Drs. Stahl and Houston found Plaintiff moderately impaired in social interactions, the ALJ found her only mildly impaired. The sub-findings of agency nonexamining consultants' RFC assessments are not their RFC assessments, however. The RFC form the state agency consultants completed states that "the actual mental [RFC] assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion," which is documented in explanatory text boxes found at the end of each category of limitation (i.e., the four paragraph B criteria). (R. 131, 148.) In other words, "an agency nonexamining consultant's RFC assessment is contained in the narrative portion summarizing his sub-findings." *Christine C. v. Saul*, No. 2:19-cv-00266-GZS, 2020 WL 3047365, at *4 (D. Me. June 7, 2020) (*aff'd*, June 23, 2020) (quotation marks omitted).

only a mild limitation in interacting with others and did not identify any limitations associated with Plaintiff's anxiety. The ALJ's assessment of the paragraph B criteria is, however, supported not only by reference to the experts' findings but also by citation to the other evidence of record. In addition to the activities and reports regarding Plaintiff's social interactions discussed herein, the ALJ explained that the records reflect a generally conservative course of psychiatric care, with no psychiatric hospitalizations or emergency room visits, no report of any conflict with medical providers or difficulties managing mood during office visits, and that despite episodes of social stressors (including housing, transportation and financial issues, caring for a disabled child), Plaintiff has the ability to obtain support services to assist with welfare benefits, child care services, housing, and personal medical needs. (R. 20.) The ALJ also noted that Plaintiff was discharged from mental health therapy after missing multiple appointments, and she takes no psychotropic medications due to concerns about side effects. (R. 22.)  In sum, the ALJ adequately identified record evidence to support her decision to discount to some degree the opinions of Drs. Werrbach and Ippoliti and place greater weight on the findings of Drs. Stahl and Houston. *Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991); s*ee also*, *Brown v. Astrue*, No. 2:10-cv-27-DBH, 2010 WL 5261004, at *3 (D. Me. Dec. 16, 2010) (*aff'd*, Jan. 4, 2011) (ALJs are entitled to resolve conflicts in the medical evidence). Overall, Plaintiff's challenge appears to a request for Court to weigh the various expert opinions. The Court, however, is not to substitute its judgment for the ALJ's judgment. *Irlanda Ortiz*, 955 F.2d at 769 ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts.").

Even if the ALJ erred in the assessment of Plaintiff's social interaction limitations, remand is not warranted. The Dictionary of Occupational Title (DOT) rates all the jobs suggested by the vocational expert—hand packager, order filler, photocopy machine operator, and industrial cleaner—as "not significant" for the category "People: 8 – Taking Instructions – Helping." DOT § 920.587-018 (hand packager), 1991 WL 687916; DOT § 922.687-058 (order filler), 1991 WL 688132; DOT § 207.685-014 (photocopy machine operator), 1991 WL 671745; DOT § 381.687-018 (industrial cleaner), 1991 WL 673258. This Court "has construed that rating as consistent with limitations to occasional, brief, and superficial contact with coworkers and supervisors." *Shatema B. v. Saul*, No. 1:19-cv-00566-NT, 2020 WL 4383802, at *4 (D. Me. July 31, 2020) (*aff'd*, Aug. 17, 2020) (quoting *Connor v. Colvin*, No. 1:13–cv–00219–JAW, 2014 WL 3533466, at *4 (D. Me. July 16, 2014)).

Listing 12.00(F)(2)(c) defines a "moderate" limitation in one of the paragraph B criteria as "functioning in this area independently, appropriately, effectively and on a sustained basis is fair." 20 C.F.R. Pt. 404, App. 1. If the ALJ erred in finding Plaintiff's ability to interact with others, including co-workers and supervisors, was only mildly limited, Plaintiff has failed to show that a finding of a moderate limitation would preclude the performance of any of the jobs identified by the vocational expert. *See Jesse W. v. Kijakazi*, No. 2:20-cv-00358-DBH, 2021 WL 4060138, at *4 (D. Me. Sept. 5, 2021).

Plaintiff's argument regarding the ALJ's assessment of her physical limitations also do not warrant remand. State agency medical consultants Edward Ringel, M.D., and Robert Hayes, D.O., each found that despite Plaintiff's reported history of back pain, given

8

that Plaintiff never had any injections, did not take chronic medications, had no neurosurgical or pain management consultations, and lacked any confirmatory imaging or laboratory abnormalities, Plaintiff did not have a medically determinable physical impairment. (R. 127, 145.) Both experts concluded that Plaintiff's obesity did not result in any functional limitation and, therefore, was non-severe. (*Id.*) Neither consultant mentioned Plaintiff's obstructive sleep apnea and neither Dr. Ringel nor Dr. Hayes assessed an RFC.

Fred Fridman, D.O., performed a consultative examination of Plaintiff in February 2018, the results of which Dr. Ringel and Dr. Hayes reviewed before they made their findings. (R. 1790-93; 122-23, 140.) Dr. Fridman's physical findings were benign except for the observation of mild curvature of the spine and Plaintiff's discomfort with right shoulder and thoraco-lumbar range of motion testing. (1791-92.) He determined that Plaintiff had no limitations in her ability to sit, stand, walk, lift, carry, climb, kneel, crouch, crawl, stoop, reach, pull, handle, finger, or feel. (R. 1793.)

Unlike the State agency medical consultants and consultative examiner, the ALJ determined that Plaintiff's obesity and obstructive sleep apnea were severe impairments. (R. 17.) With respect to Plaintiff's obesity, the ALJ wrote:

> Although there is no specific weight or BMI [body mass index] that establishes obesity as a "severe" or "not severe" impairment, I have considered the limiting effects of obesity, both alone, and in combination with other impairments, when assessing if it significantly limits her physical or mental ability to do basic work activities. We assess the RFC to show the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment. People with obesity may have limitations in the ability to sustain a function over time. In this case, [Plaintiff]'s obesity may affect her ability to tolerate extreme heat,

9

> humidity, or hazards. I have considered [Plaintiff]'s weight, including the impact on her other body symptoms, within the functional limitations determined herein.

(R. 22.) As to Plaintiff's obstructive sleep apnea, the ALJ summarized Plaintiff's treatment history following a take-home sleep study in February 2019, which study revealed a pattern of severe obstructive apneas and hypopneas, accompanied by significant snoring and moderate hypoxemia. (*See* R. 1388.) The ALJ noted that although Plaintiff was fitted with an auto titrating continuous positive airway pressure (CPAP) machine, at her one-week follow-up appointment, Plaintiff was found to be only 43% compliant with its use. (R. 22, citing R. 1385.) She had a mask adjustment, then later reported getting sick due to an odor from the machine. (*Id*.) Although she was scheduled for a machine check-up, she missed that appointment and multiple appointments thereafter. (R. 1385-86.) The AJL explained that "[d]espite this evidence of non-compliance which might contribute to [Plaintiff's] ongoing symptoms," she added environmental limitations to Plaintiff's RFC. (R. 22.) The sleep study and subsequent treatment records were submitted after Drs. Fridman, Ringel and Hayes rendered their opinions.

The ALJ determined that the findings and conclusions of Drs. Ringel, Hayes and Fridman were persuasive "because they accurately reflect the minimal objective findings in the medical records." (R. 23.) Nevertheless, the ALJ limited Plaintiff to avoiding concentrated exposure to respiratory irritants and dangerous machinery. (R. 21.) The ALJ explained that her findings and corresponding limitations were based on her giving "maximum deference to [Plaintiff]'s subjective reports to the extent they are supported by the medical evidence of record." (*Id*.)

Plaintiff argues that the findings and conclusions of Drs. Ringel, Hayes and Fridman cannot provide substantial evidence to support the ALJ's RFC assessment because, "as a practical matter," the ALJ could not "have given any weight to the opinions" of these medical consultants, none "of whom had occasion to assess [Plaintiff's physical] RFC." *Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *4 (D. Me. Mar. 15, 2017) (*aff'd*, Mar. 30, 2017).

In *Staples*, the Court remanded the matter because the ALJ gave little weight to the state agency consultants' opinions and the ALJ's RFC assessment was not supported by expert opinion or the result of "permissible commonsense judgment." *Id*. at *2. Here, the ALJ found the state agency consultants' opinions persuasive, but explained that her RFC, including the greater social interaction limitations, was based on "maximum deference" to Plaintiff's self-reports as supported by other evidence. (R. 23.) "In doing so, [s]he gave [Plaintiff] the benefit of the doubt, adopting an RFC more favorable to [Plaintiff] than the evidence – the agency [examining and] nonexamining consultants' opinions that [Plaintiff] had no limitations – would otherwise support. That, in turn, rendered any error in assessing the RFC … harmless." *Alexander J.M. v. Saul*, No. 2:20-cv-00142-LEW, 2021 WL 674013, at *3 (D. Me. Feb. 21, 2021); *see also*, *Kristina D.B. v. Berryhill*, No. 1:18-cv-00088-JHR, 2019 WL 1407407, at *4 (D. Me. Mar. 28, 2019) (ALJ did not interpret raw medical data in crediting plaintiff's allegations of difficulties in social functioning); *Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) (ALJ can give the claimant the "benefit of the doubt" and recognized limitations in the RFC finding beyond those expressed in an opinion that the ALJ might otherwise rely on as

11

substantial evidence of a less restrictive RFC); *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) ("A claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support."). Plaintiff has also failed to identify any evidence that would support greater restrictions than the ALJ assessed, which "is necessary to establish that the limitation assigned by the [ALJ] is not harmless error." *Paquin v. Colvin*, No. 1:13-CV-360-JDL, 2014 WL 6679123, at *3 (D. Me. Nov. 25, 2014).

Moreover, an ALJ "may assess an RFC without relying on a medical opinion where the medical evidence 'shows relatively little physical impairment,' so long as he or she does not render a medical judgment that is beyond the bounds of a lay person's competence." *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 244 WL 166496, at * 3 (D. Me. Apr. 25, 2014) (quoting *Manso-Pizarro*, 76 F.3d at 17). As Drs. Ringel and Hayes observed, the medical evidence in the record supporting physical limitations is minimal, thus the ALJ "could rely on [Plaintiff]'s own testimony about the limitations imposed by" Plaintiff's obesity and obstructive sleep apnea. *Id*. The lack of medical evidence with respect to these impairments further supports the applicability of the "long-standing rule" that remand is not appropriate when an ALJ assesses a more favorable RFC than the evidence would otherwise support. *Id*.

## B.  Vocational Testimony

Plaintiff challenges the testimony of the vocational expert. Because Plaintiff's challenge depends on the Court finding that the ALJ's RFC findings are erroneous, given the above analysis, Plaintiff's argument must fail.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2021.